No. 29,012.

MAE ASBELL, *Appellee*, v. ROBERT MUMFORD and ROSS WHITE, *Appellants*.

(286 Pac. 236.)

Opinion filed April 5, 1930.

*Hugh T. Fisher, Irwin Snattinger, Eldridge H. Henning, William R. Baker, E. B. Smith,* all of Topeka, and *J. Willard Haynes,* of Kansas City, for the appellants.

*William E. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injury. Plaintiff recovered, and defendants appeal.

Mumford was engaged in the retail grocery business. White drove Mumford's delivery truck. While delivering groceries on Georgia avenue in Kansas City, White made a turn in the middle of the block, and operated the truck in such a manner that it ran across the parking, across the sidewalk, and into plaintiff's yard, where it struck her and knocked her down. Negligence in operating the truck was admitted. The defense was plaintiff was not hurt.

The first assignment of error is that evidence was improperly excluded. The accident occurred in March, 1928. There was abundant evidence of serious physical injury—an abrasion on the head, a large bruise over the ilium, a slipping of the sacroiliac joint, which was set only after two or three trials, strain of muscles and tendons, nerve injury, passing of blood in the urine, and other physical consequences of having been run down by the truck. In August, 1928, plaintiff consulted Doctor Krall, who examined her and made a record of his observations and of what she said. At the trial in February, 1929, Doctor Krall was called as a witness for plaintiff. He gave his testimony and was excused before plaintiff testified.

Afterwards defendants called Doctor Krall as their witness. The doctor was asked to produce his record, to show what plaintiff said to him about headache. The doctor declined to show his record unless the patient consented. Plaintiff's attorney objected that the record was confidential. Defendants' attorney made a statement relating to purpose of the evidence, claiming the record would contradict plaintiff's testimony about headache. Plaintiff's attorney said plaintiff's testimony had been misquoted by defendants' attorney, and objected to the evidence on the ground it was incompetent, irrelevant, and immaterial. After giving his version of plaintiff's testimony, plaintiff's attorney made the further objection that the memorandum was privileged. The evidence was excluded, and may have been excluded as not material. Defendants do not complain that, in view of the stated purpose of the offer, the evidence was improperly excluded. In their brief defendants now contend the evidence would have cleared up a matter of loss of weight, something the district court did not hear about when it ruled, or when the motion for new trial was considered.

Defendants requested six instructions relating to proximate cause, a subject which was fully covered by carefully drawn instructions which the court gave.

Complaint is made because the court did not set aside two special findings of the jury, which read:

"1. Q. What amount do you allow for doctors' bills and medicines? A. $500.

"2. Q. What amount do you allow for pain and suffering? A. $2,000."

The second special finding was well sustained by evidence.

Plaintiff proved payment for X-ray examination, medicine, and doctor bills, amounting to $238. There was no evidence of any outstanding obligation for doctor bills or medicine. Plaintiff takes medicine four time a day, for relief of an overactive thyroid gland, the only ailment for which she is now undergoing treatment. The jury allowed nothing for permanent injury. There is no substantial basis for an inference that plaintiff will in the future pay out more than she has already expended. The amount stated in the first finding is reduced to $300, and the judgment is modified accordingly.

As modified, the judgment is affirmed.